[No. 540.  Decided July 6, 1893.]

AUG. MANSFIELD, *Assignee of Burrows & Anderson, Appellant*, v. THE FIRST NATIONAL BANK OF WHATCOM AND R. L. SABIN, *Respondents*.

COSTS — MONEYS DEPOSITED IN COURT — LIABILITY OF PARTIES.

Where, in an action for the recovery by an assignee of the proceeds of certain goods converted into money, judgment is given for the assignee, he is entitled, as an incident to the judgment awarding him possession of such money, to a judgment also for his costs.

Where certain goods in controversy have been converted into money, which has been placed in possession of an officer of the court by consent of all parties to the action, and the only question to be decided is as to which of the parties should receive said moneys from such officer, neither party can be held responsible for the safe keeping of such moneys as against the other.

*Original Application for Mandamus.*

*Bruce & Brown*, for appellant.

*Cole & Romaine, Cox, Teal & Minor*, and *Kerr & McCord*, for respondents.

The opinion of the court was delivered by

HOYT, J. — The application for a writ of *mandamus* must be denied.  The judgment which relator seeks to compel the lower court to enter is not authorized by the decision of this court.  The opinion heretofore rendered (5 Wash. 665, 32 Pac. Rep. 789) clearly shows that this court recog-

nized the fact that it appeared from the record that the goods as to the custody of which the original controversy was commenced had been converted into money, and that the proceeds were in the hands of an officer of the court by consent of all the parties to the action. Such being the case, it must be held in all proceedings after such conversion that the money took the place of the goods, and that as it was in the hands of an officer of the court by consent it was as much at the risk of one party as of the other. And in all litigation thereafter the only question to be decided was as to which of the parties should receive said moneys from such officer, and that thereafter neither of them could be held responsible for the safe keeping thereof as against the other.

It will thus be seen that the judgment which the petition and answer show that the court below was willing to enter was substantially the one directed by this court, with the exception that it does not appear that it proposed to enter a judgment in favor of the assignee as against the other parties to the action for costs. But from what was said upon the argument we are satisfied that a bare suggestion will induce the court below to so modify its judgment entry as to cover the question of costs. It is clear that since, if the goods had not been converted into money, the assignee would have been adjudged to be entitled to the possession thereof, and as an incident to such judgment would have recovered his costs against the adverse parties, he is entitled, in addition to having the proceeds of such goods turned over to him, to have judgment for his costs.

DUNBAR, C. J., and SCOTT and ANDERS, JJ., concur.

STILES, J., not sitting.